UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>Swati Singh<br><br>Debtor. | Chapter: 7<br><br>Case No. 19-60226-6-dd<br><br>AFFIRMATION IN SUPPORT OF APPLICATION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d) |

TO THE HONORABLE DIANE DAVIS,
U.S. BANKRUPTCY JUDGE:

I, Mark K. Broyles, Esq., am a partner with the law office of Fein, Such & Crane, LLP, Attorneys for Caliber Home Loans Inc. as a servicing agent of U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("Movant"). As such, based on the information provided by Movant on the circumstances contained herein, I affirm the following under penalty of perjury:

1. I make this affirmation pursuant to Federal Bankruptcy Rule of Procedure Rule 4001 and 11 U.S.C. § 362(d) in support of this application seeking the entry of an order modifying and terminating the automatic stay (the "Motion").

BACKGROUND

2. Movant is a banking corporation with an office for the transaction of business at 13801 Wireless Way, Oklahoma City, OK 73134..

3. Swati Singh ("Debtor") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on February 27, 2019 (the "Filing Date") and an Order for Relief was entered thereupon.

4. Movant holds a claim secured by a security interest in certain property now or formerly owned by the Debtor and located at 209 Alder Pond Road, Bovina, NY 13740 (the

"Property").

5. On or about January 17, 2008, the Debtor, for value received, executed and delivered to the predecessor in interest of Movant a promissory note (the "Note") in which Debtor agreed to repay the sum of $200,000.00 to Wells Fargo Bank, N.A. Movant is the current holder of the Note. A copy of the endorsed Note, as executed is annexed hereto as Exhibit "A."

6. On or about January 17, 2008, as security for the repayment of the amount stated in the Note, the Debtor executed and delivered to the predecessor in interest of Movant a mortgage relative to the Property (the "Mortgage") to Wells Fargo Bank, N.A. The Mortgage was intended to secure the indebtedness to Movant under the Note in the aforesaid amount. The Mortgage was recorded in the Delaware County Clerk's Office on January 25, 2008 in Book 1513 at Page 95. A copy of the Mortgage, as executed and recorded and proof of perfection, is annexed hereto as Exhibit "B."

7. On or about August 4th, 2010, the Debtor executed a Loan Modification Agreement to the original Note and Mortgage creating a new principal balance of $203,606.90 which was recorded in the Delaware County Clerks' Office on January 10, 2011 and is annexed hereto as Exhibit "C."

8 Said Mortgage was then assigned to Movant by a series of assignments. A copy of the recorded assignments are annexed hereto as Exhibit "D." Caliber Home Loans, Inc., is servicing this loan.

9. Movant, as the holder of said Mortgage and a Secured Creditor in the above named case according to the laws of the State of New York and the terms and conditions of said Mortgage, desires to commence and/or continue to foreclose said Mortgage in the Supreme Court of the State of New York.

10. By reason of the Debtor having filed a petition under Chapter 7 of the Bankruptcy Code with the Court on February 27, 2019, Movant is stayed from proceeding with its foreclosure action.

11. Upon information provided to me by Movant, the said Mortgage held by Movant is in default in that the Debtor failed to pay the monthly installments thereon commencing in October 1, 2015, and the grace period for such payments has expired.

12. The Debtor has/have defaulted and failed to comply with the terms of the Note and Mortgage. Montly Mortgage installments are due as follow:

October 1, 2015 through March 1, 2018 = thirty (30) @ $1,435.36 per month = $43,060.80
April 1, 2018 through December 1, 2018 = nine (9) @ $1,474.22 per month = $13,267.98
January 1, 2019 through March 1, 2019 = three (3) @ $1,482.58 per month = $4,447.74
Less Debtor's suspense balance $1,105.75 (subtracted)
for a total amount of $59,670.77 as of March 6, 2019, which amounts continue to accrue during said default. The sums set forth do not include any late charges, escrow advances, attorney's fees, costs, or other fees and charges that might otherwise be in included in the event a payoff is requested or provided.

13. The total amount due and owing on the Note, as of March 6, 2019 was $233,465.74 and said sum remains due together with interest which has continued to accrue from that date plus any other sums advanced by Movant to protect its security in the Property.

14. Movant has obtained a Broker's Price Opinion ("BPO") dated August 23, 2018 which demonstrates that the Property has an assessed fair market value of $200,000.00. A copy of the BPO is attached hereto as Exhibit "E."

<u>BASIS FOR RELIEF FROM THE STAY</u>

15. Bankruptcy Code Section 362(d) provides, in pertinent part, as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if--
> (A) the Debtor does not have any equity in such property; and
> (B) *such property is not necessary to an effective reorganization;*
> or...(emphasis added).

16. It is respectfully submitted that cause exists, including the lack of adequate protection, for relief from the automatic stay under 11 U.S.C. § 362(d)(1).

17. 11 U.S.C. § 362(d)(1) provides that the Court shall grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property..." Once cause exists it is the Debtor's burden to show that the Movant's interest in the Property is adequately protected.

18. Upon information and belief, Movant's claim is secured only by a security interest in the Property that is the principal residence of the Debtors. Furthermore, due to the Debtors failing to make regular monthly contractual Mortgage payments the total debt is increasing against a potentially depreciating asset. Accordingly, the Debtors failing to timely make payments to Applicant constitutes cause.

19. It is respectfully submitted that there is no equity in the Property allowing relief from the stay under 11 U.S.C. § 362(d)(2). Upon information and belief, the fair market value off the Property evidenced by the BPO is $200,000.00, while the secured lien on the Property totals $233,465.74.

20. Based on the Northern District of New York's local rule 4001-1(9b), Movant is not required to attach a completed copy of the Certification of Payment History on the Note and Mortgage Dated and Related Information, in the event that the Debtor(s) intend to surrender the Property. Attached hereto as Exhibit "F", is a copy of the Debtor's statement of intention to surrender said Property.

21. As this is a Chapter 7 Bankruptcy filing, the Property is not necessary for the effective reorganization of the Debtor.

22. For the foregoing reasons, it is respectfully submitted that the relief requested herein is appropriate and warranted.

23. The Mortgage held by the Movangt provides that the Debtor shall pay to all funds expended due to the fault of the borrower, including reasonable attorney's fees. The Movant respectfully requests that the proposed Order grant Applicant reasonable attorneys' fees in the sum of $250.00 plus the $181.00 filing fee for a total of $431.00 to be paid out of any surplus proceeds from the sale of the Property, if any.

WHEREFORE, your Affirmant, as the attorney the Movant, prays for the entry of an Order granting relief from the stay and such other and further relief as to the Court may seem just and proper.

Dated: March 26, 2019

FEIN, SUCH & CRANE, LLP
Attorneys for Movant
By: _____
MARK K. BROYLES, ESQ.
(104843)
28 EAST MAIN STREET, SUITE 1800
ROCHESTER, NY 14614
585-232-7400